**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LISA D. KULLMAN,

   Plaintiff,

v.               Case No. 8:13-cv-225-T-24-MAP

CAROLYN W. COLVIN, Acting
Commissioner of Social Security

   Defendant.
_____/

## ORDER

This cause comes before the Court for consideration of Plaintiff Lisa D. Kullman's complaint seeking review of the decision of the Acting Commissioner of Social Security. (Dkt. 1.) This complaint was considered by the United States Magistrate Judge, pursuant to a specific order of referral. Magistrate Judge Pizzo has filed his report, recommending that the Commissioner's decision be reversed and the matter be remanded for further administrative proceedings to include consideration of Dr. Eugenia Rullan's opinions. (Dkt. 15.) All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). The Commissioner filed objections. (Dkt. 16.) This Court must conduct a *de novo* determination of the findings or recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject or modify, in whole or in part, the findings and recommendations. *Id.* Having considered the report along with the objections, as well as having done an independent examination of the file, the Court finds the Magistrate Judge's Report and Recommendation should be adopted.

Plaintiff filed for disability insurance benefits in July 2003, alleging disability beginning in September 2000, due to problems including fatigue and pain in the neck, back, hands, thumbs, wrists, right foot, ankle, knee, and leg. The Administrative Law Judge ("ALJ") held a hearing in February 2012 and found that Plaintiff last met the insured status requirements in December 2004, and that Plaintiff had severe impairments, including rheumatoid arthritis and fibromyalgia.

The ALJ determined that Plaintiff retained the functional capacity to perform unskilled light work, with a sit/stand option. The ALJ gave less weight to the medical opinions of Dr. Rullan, a treating physician. The ALJ found that Dr. Rullan's opinions relied on Plaintiff's subjective complaints conveyed during Plaintiff's appointments rather than on objective evidence, and was inconsistent with Plaintiff's "activities of daily living including the fact that she underwent a full term pregnancy at the time of the opinion and was taking a quilting class." (Tr. 29.)

Absent "good cause," a treating physician's opinion must be given substantial or considerable weight. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; and (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with his own medical records." *Id.* at 1241. The ALJ must clearly articulate its reasons for giving less weight to a treating physician's opinion. *Id.* Here, the Magistrate Judge found that the ALJ erred by failing to articulate good cause for giving less weight to Dr. Rullan's opinion regarding Plaintiff's diagnosis of rheumatoid arthritis and fibromyalgia because: (1) Dr. Rullan's opinion was based on objective evidence; and (2) Dr. Rullan's opinion was supported by findings from several of Plaintiff's other treating and examining physicians, which the ALJ arbitrarily rejected or ignored. The Magistrate Judge also found the ALJ failed to properly evaluate Plaintiff's activities of daily living.

The Commissioner makes several objections to the Magistrate Judge's Report and Recommendation.  First, contending the ALJ properly rejected Dr. Rullan's opinion, the Commissioner argues that the Magistrate Judge reweighed the evidence by suggesting Plaintiff's symptoms waxed and waned while ignoring instances where Dr. Rullan's records noted that symptoms were moderate and stable.  Contrary to the Commissioner's assertion, however, the Magistrate Judge acknowledged that Dr. Rullan's records noted some normal or stabilizing symptoms but then explained that those records also noted other objective medical evidence that supported Dr. Rullan's opinion and that the ALJ failed to address such objective evidence.  This does not mean Magistrate Judge was reweighing the evidence but instead was noting that the ALJ had failed to properly address certain evidence.

Next, the Commissioner asserts that the Magistrate Judge misstated evidence by stating that Dr. Rullan ordered "bed rest," (Dkt. 15 at 7), when the record actually reads "BID test" (Tr. 586), which means Dr. Rullan ordered Plaintiff to have her blood pressure checked twice a day.  Upon review, the Court finds that the record states "BID test" not "bed rest," and will therefore reject the portion of the report finding that Dr. Rullan recommended bed rest.  The Commissioner also asserts the Magistrate Judge misstated the holding in *Moore v. Barnhart*, 405 F.3d.1208, 1211-12 (11th Cir. 2005) on page 6 of the report when he states the Eleventh Circuit reversed the ALJ's decision to discount Plaintiff's credibility due to lack of objective evidence of impairment and noted that a treating physician's testimony can be particularly valuable in fibromyalgia cases where objective evidence is often absent.  The Commissioner is correct that the Magistrate Judge stated the Eleventh Circuit reversed when the Eleventh Circuit actually found no reversible error in the ALJ's discounting the testimony of the Plaintiff's treating chiropractor.  However, this does not cast doubt on the Magistrate Judge's recommendation in that the importance of the reference to

3

*Moore* is the rest of the statement that "a treating physician's testimony can be particularly valuable in fibromyalgia cases where objective evidence is often absent." *Id*.

The Commissioner also argues that the ALJ properly rejected Dr. Rullan's opinion because it was inconsistent with Plaintiff's activities of daily living. The ALJ found that Plaintiff's activities of daily living included "under[going] a full term pregnancy," which the Magistrate Judge found was not a proper activity of daily living. However, the Commissioner simply asserts that "caring for small children" is an activity of daily living considered by courts. This fails to address the ALJ's specific finding that being pregnant was a daily activity that may be considered as a reason for discounting Dr. Rullan's opinion. The Court agrees with the Magistrate Judge that the ALJ articulated an improper reason for discounting Dr. Rullan's opinion.

Finally, the Commissioner objects that the Magistrate Judge failed to acknowledge the opinion of Danielle Green, Ph.D. as contradicting the opinion of Dr. Rullan. However, the fact that the Magistrate Judge failed to acknowledge Dr. Green's opinion in his report does not mean he did not consider it and is not a reason to reject the Magistrate Judge's findings and recommendations.

Accordingly, it is **ORDERED AND ADJUDGED** that:

A. The Magistrate Judge's Report and Recommendation (Dkt. 15) is adopted and incorporated by reference in this Order of the Court;

B. The decision of the Commissioner of the United States Social Security Administration is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order; and

C. The Clerk is directed to enter judgment in favor of Plaintiff, to terminate all pending motions, and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of February, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
The Honorable Mark A. Pizzo
Counsel of Record